### BROWN *a*. JONES.

*New York Common Pleas; General Term, March,* 1856.

APPEAL.—LIABILITY OF CONSTABLE.—FAILURE TO MAKE RETURN.

The decision of a justice upon a motion to dismiss the summons for variance between the summons and the complaint, is not reviewable in the Common Pleas upon appeal from the judgment.

The provisions of 2 *Revised Statutes*, 263, § 159, rendering constables liable in the amount of an execution for failure to return it, are not applicable to constables of the justices courts in the city of New York.

Appeal from a justice's judgment.

INGRAHAM, F. J.—The objection to the summons is not one that can be made available in this court. That objection was made in the court below upon a motion to dismiss the summons from a variance between the summons and complaint. That was a mere question of practice in that court, the decision of which is not a subject of review here. If the defendant wished to present the matter before this court on appeal, it could only be by setting it up in the answer in abatement of the suit.

Even if such had been done in the court below, the defendant waived his right to review it on appeal, by answering in bar. We have repeatedly so held, and it is now the settled practice of this court on appeal (1 *E. D. Smith's C. P. R.,* 412, & 615).

This action was to recover from the constable the amount of an execution delivered to him to be executed, on the ground that he neglected to return it within five days after the return day, under the provisions of section 159 of title 4, chapter 2, part 3, of the Revised Statutes, (2 *Rev. Stats.,* 263).

These provisions of the Revised Statutes are not applicable to the courts in this city. By section 231 of the same title, it is provided that this title shall not be considered as applicable to the courts in the city of New York. I know of no provisions of law which at any time since has made them applicable, and the counsel for the plaintiff has not referred to any as furnishing any authority upon which such a ruling as is necessary to sustain the judgment can be upheld.

The provisions of law relating to executions out of the Marine Court may be found in section 99 of the Act to reduce the laws relating to the city of New York (2 *Rev. L.,* 1813, 370), made applicable to the Marine Court, by section 135 of the same act. These sections provide a penalty against the officer for not levying within five days after receiving the execution, or in fifteen days after levy, for not paying to the court the damages and costs so levied to the amount of such execution. No provision is made in this statute of any penalty for not returning the execution, as in the justice's court statute before referred to.

As the complaint in this case avers no other default on the

part of the defendant than not returning the execution, and claims to recover only for the penalty imposed under the provisions of the Revised Statutes (which do not apply to this court) I do not see how the judgment can be sustained.

Even if we were to disregard the pleadings, we could not sustain the judgment upon the evidence. There is no proof of any default on the part of the officer except for not returning the process. It does not appear that he did not levy, nor that he even received any money which he ought to have paid over. Without proof of some default such as the statute designates, the plaintiff could not recover. The plaintiff is not without remedy against an officer in the Marine Court for not returning an execution. The court may compel the return by attachment under the present organization and powers, or the plaintiff may bring an action on the case for not returning the execution, but in such a case he does not recover the amount of the execution, but such damages as he has sustained in consequence of the default of the officer (Bush *v.* Campbell, 15 *Johns. R.*, 456). Such damages must be proven, and where as in this case part of the amount was paid afterwards by the officer to the plaintiff, he could not claim as damages the whole amount of the judgment.

The judgment must be reversed.